UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD C. BONWICK, | ) CASE NO. 4:24-CV-00294 |
| | ) |
| Plaintiff, | ) JUDGE DAVID A. RUIZ |
| | ) MAGISTRATE JUDGE GRIMES |
| v. | ) |
| | ) |
| COMMISSIONER OF | ) MEMORANDUM OPINION AND |
| SOCIAL SECURITY, | ) ORDER |
| | ) |
| Defendant. | ) |

**INTRODUCTION**

Plaintiff Donald C. Bonwick filed a Complaint (R. 1) challenging the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Pursuant to Local Rule 72.2, the case was referred to United States Magistrate Judge James E. Grimes, Jr. for a Report and Recommendation (R&R). The R&R recommended that the Commissioner's decision be affirmed. R. 12. Plaintiff timely filed an objection (R. 13), to which Defendant replied. R. 14.

For the following reasons, the Report and Recommendation is adopted, and the decision of the Commissioner is AFFIRMED.

1

## BACKGROUND

Plaintiff, who was 37 years old at the alleged onset date, had past relevant work as a laborer and maintenance carpenter. R. 8, Page ID#: 1069. He claimed disability related to depression, ADHD, learning disability, bursitis, a hip disorder, multiple lumbar impairments and lumbago. *Id*., Page ID#: 1067-68.

In his initial brief Plaintiff presented a single issue: whether the ALJ had formulated the Residual Functional Capacity (RFC) without properly considering each of the effects of Plaintiff's mental impairments. R. 8, Page ID#: 1036. The R&R found the issue lacked merit, noting first that Plaintiff had not cited to any specific medical evidence that the ALJ failed to consider. R. 12, Page ID#: 1079. Further, the R&R stated that Plaintiff had not pointed to any regulation that the ALJ supposedly violated. *Id*., Page ID#: 1079-1080. Finally, although Plaintiff had argued that the RFC did not sufficiently address his "reduced ability to adapt and manage," the R&R found that despite Plaintiff's assertion that greater limitations should have been included in the RFC, Plaintiff did not identify anything in the record to show "that he has any impairments at all" nor does he "make any argument as to what those limitations should be." *Id*., Page ID#: 1080.

In his current objection, Plaintiff states that he does not question the R&R's conclusion at Step Three that his severe impairments caused only mild or moderate limitations in various functional categories. R. 13, Page ID#: 1085. Rather, Plaintiff contends that the RFC is deficient because it did not include "functional limitations which correspond to the deficits in these work-related abilities." *Id.* Plaintiff maintains that although the law does not require the ALJ to "mimic" the Paragraph B limitations in the RFC, the RFC must nevertheless reflect "consideration" of each of those Paragraph B limitations. *Id*. Page ID#: 1086. Here, Plaintiff

2

asserts that the RFC's mental limitation to simple, routine, repetitive tasks "offers no reviewable explanation for this Court regarding how this limitation satisfies Plaintiff's need for a functional limitation in his ability to adapt or manage." *Id*., Page ID#: 1087.

For his part, the Commissioner argues that Plaintiff's position "is unclear at best." R. 14, Page ID#: 1091. On the one hand, the Commissioner contends, Plaintiff believes the RFC should have contained greater mental limitations but on the other hand, Plaintiff does not identify what those additional limitations should be and provides no evidentiary support for any additional limitations. *Id*., Page ID# 1092.

## ANALYSIS

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which a proper objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). In addition, the Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial-evidence standard ... presupposes that there is a *zone of choice* within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th

Cir. 1986) (emphasis added). Therefore, if substantial evidence supports the ALJ's decision, a court must defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

Although not discussed in the R&R nor raised here by either party, an examination of the ALJ's decision itself shows that neither of the two state agency psychological consultants who opined as to Plaintiff's work-related limitations provided any limitations beyond what the ALJ incorporated into the RFC. *See,* R. 7, Page ID#: 59. In that regard, after setting out the RFC limitations put forward by these consultants, the ALJ then proceeded to discuss in some detail how those limitations were supported by the evidence in the record. *Id.*

Thus, far from the ALJ providing "no reviewable explanation" for the RFC limitations, the record demonstrates that the ALJ directly cited to the only opinion sources who offered evidence regarding functional limitations and also discussed how those limitations were supported by the other evidence of record. Further, as is well-settled, "an RFC determination that is supported by the medical opinions of State Agency physicians is generally supported by substantial evidence." *Avers v. Kijakazi*, 2021 WL 4291228, at *7 (N.D. Ohio Sept. 21, 2021).

While the R&R could have addressed these points, the absence of such discussion is by no means fatal when considering Plaintiff's objection and affirming the decision of the Commissioner since this Court conducts *de novo* review of those portions of an R&R to which objections have been made. *See, Buffman v. United States*, 2017 WL 1228472, at *6 (E.D. Mich. April 4, 2017).

4

## CONCLUSION

Therefore, for the reasons stated, the Report and Recommendation is accepted, and the decision of the Commissioner is AFFIRMED for the reasons more fully stated above.

IT IS SO ORDERED.

Dated: March 28, 2025

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge